```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Helen Peterson,                 :

       Plaintiff,               :

    v.                          :     Case No. 2:07-cv-555

Michael J. Astrue,              :     JUDGE FROST
Commissioner of Social Security,      MAGISTRATE JUDGE KEMP
                                :
       Defendant.
```

REPORT AND RECOMMENDATION

I.

Plaintiff, Helen Peterson, filed this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income.  Those applications alleged that plaintiff became disabled on July 16, 2003, as a result of asthma, neck problems, and eczema.

After initial administrative denials of her claim, plaintiff was provided a hearing before an Administrative Law Judge on March 1, 2006.  In a decision dated September 21, 2006, the Administrative Law Judge denied benefits.  That decision became the final decision of the Commissioner when the Appeals Council denied review on April 17, 2007.

Plaintiff thereafter timely commenced this civil action. The record of administrative proceedings was filed in this Court on August 13, 2007.  Plaintiff filed a Statement of Errors on September 12, 2007, to which the Commissioner responded on November 9, 2007.  No reply brief has been filed, and the matter is now ripe for decision.

II.

Plaintiff testified to the following at the administrative hearing. Plaintiff, who was 54 years old at the time of the

administrative hearing, completed high school and "did a little college ...." (Tr. 337). She last worked as a child care provider, a job she discontinued when her daughter found another provider. (Tr. 337-38).

Plaintiff testified that her major problem is her asthma. However, she also has foot problems, issues with her back, neck and arm, and difficulty sleeping. (Tr. 338-39). She could lift and carry five to ten pounds and was unsure how long she could stand. (Tr. 340-41). However, she does her own housework. (Tr. 341-42). She sits for most of the day, occasionally going to the store, watching television or reading. (Tr. 342-43).

III.

The Court will summarize the pertinent medical records. Plaintiff underwent a physical evaluation on January 27, 2004, which was performed by Dr. Danopulos. She told Dr. Danopulos that she had never worked. She reported having had low back pain for eight years and having had asthma since 1991. She also reported injuries from accidents in 1995 and 2001. She was 5'9" tall and weighed 219 pounds. Plaintiff's examination showed no abnormalities other than some pain in her right shoulder blade and in the lumbosacral area, with some restriction on motion in the latter area. X-rays showed some degenerative disease at L5-S1. Dr. Danopulos thought her ability to work was "affected to a certain degree" from these symptoms plus her obesity. (Tr. 144-49). His findings were reviewed by a state agency physician, Dr. Kylop, who concluded that plaintiff could perform medium work with some restrictions. (Tr. 155-59).

Plaintiff underwent a psychological evaluation on June 8, 2004. She showed only slight limitations in some work-related functions, and the state agency reviewer who analyzed the report concluded that she had no severe psychological impairment. (Tr. 168-184).

The record contains various treatment notes covering the years from 2000 through 2006.  Plaintiff was treated for, among other things, tinnitus, hearing loss, headaches, back pain, and left elbow pain. No specific limitations of function are contained in any of these notes.

## IV.

In addition to plaintiff, a vocational expert, Mr. Fay, testified at the administrative hearing.  He classified plaintiff's past work as a child care attendant as medium and semiskilled.  She had also worked as a sewing machine operator, which was light and unskilled, and as a paperboard box maker and a janitor, both of which were medium and unskilled.  (Tr. 344).  He was asked to assume that plaintiff could perform medium work but needed to be in a clean and temperature-controlled environment.  Mr. Fay identified approximately 23,000 jobs that someone with those limitations could perform.  If plaintiff were more limited physically, so that she could only do light work and needed periodic rest periods, she could still do about 5,000 jobs.  (Tr. 345-46).  If plaintiff could have only limited contact with the public (because, for example, she could not tolerate perfumes), there would still be a significant number of medium and light jobs she could do.  (Tr. 346).

## V.

Based on the above evidence, the Commissioner found that plaintiff had severe impairments including degenerative disease of the lumbosacral spine, mild chronic obstructive pulmonary disease, and obesity.  The Commissioner further found that these impairments limited plaintiff to the performance of medium work in a clean-air, temperature controlled environment.  With those limitations, plaintiff could still work as a child care attendant.  Even if she could not do that job, she could perform the various jobs described by the vocational expert.  As a

result, the Commissioner found that plaintiff did not suffer from a disability and was not entitled to benefits.

VI.

In her Statement of Errors, plaintiff raises two issues.  First, she contends that the Commissioner erred in finding that she could perform medium work.  She claims that, given her diagnosis of degenerative disease in the lumbosacral spine and her testimony at the hearing, the conclusion that she can do medium work is "ludicrous."  Second, she asserts that if she is not able to do medium work, the medical-vocational guidelines establish that she is disabled.  The underlying issue is whether the Commissioner's decision is supported by substantial evidence.

Standard of Review.  Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938)).  It is "'more than a mere scintilla.'" Id.  LeMaster v. Weinberger, 533 F.2d 337, 339 (6th Cir. 1976).  The Commissioner's findings of fact must be based upon the record as a whole. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985); Houston v. Secretary, 736 F.2d 365, 366 (6th Cir. 1984); Fraley v. Secretary, 733 F.2d 437, 439-440 (6th Cir. 1984).  In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir. 1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)); Wages v. Secretary of Health and Human

Services, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

The only real question raised by plaintiff's two assignments of error is whether substantial evidence supports the Commissioner's finding that she is capable of working at the medium exertional level. Because both her past job as a child care attendant, and the myriad of jobs identified by the vocational expert, can be done by someone with that exertional capability, if that finding is supportable, plaintiff's claims are without merit. For the following reasons, the Court agrees with the Commissioner that there is substantial support in the record for that finding.

None of plaintiff's treating physicians indicated in any way either that she could not perform the requirement of medium work or that she was not employable. Dr. Williams completed a form about work restrictions, but it appears that she did not treat plaintiff for any musculoskeletal impairments, so that form is of little value. Dr. Danopulos thought she had some limitations, but he did not find very many significant signs or symptoms during his examination, and he noted that plaintiff had little difficulty squatting, bending, or getting on and off the examination table. Other physicians reviewing his report placed plaintiff in the medium range. Although she testified to more extreme limitations, those are unsupported by any medical findings. Further, she stopped working at a medium level job not due to any physical restrictions, but simply because her daughter found another child care provider. From this record, a reasonable person could deduce, as the Commissioner did, that she could do such work in a clean environment. Consequently, the

-5-

Commissioner's decision must be affirmed by this Court.

## VII.

For the foregoing reasons, it is recommended that the plaintiff's statement of errors be overruled and that judgment be entered in favor of the defendant Commissioner.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge